UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALENCIA RENA GARNER

Plaintiff,

v.                                           CASE No. 8:16-CV-2158-T-27TGW

UNITED STATES OF AMERICA
U.S. ATTORNEY, *et al.*,

Defendants.

---

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff asserts nonsensical and essentially incomprehensible allegations against numerous law enforcement agencies. Because the pleading is procedurally and substantively deficient, I recommend that the plaintiff's complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing

fee, and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff has filed a "Motion Court for a Sanction", which is construed as a complaint. It is a rambling, disjointed, and essentially incoherent document that does not comply with the Federal Rules of Civil Procedure. It does not contain a short plain statement of the claim, and certainly does not delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a), 10(b), F.R.Civ.P. Rather, the complaint is comprised of delusional allegations, such as that her family was abducted to jail by legal authorities (see e.g., Doc. 1, pp. 2, 7, 8). Confirming the delusional nature of the allegations is the plaintiff's statement that "threats are received daily inside my head" (id., p. 2).

It is, furthermore, noted that venue does not appear to be appropriate. Thus, the plaintiff resides in Georgia, the defendants do not reside in Tampa, and most of the allegations relate to events in Georgia. The plaintiff makes one allegation of an incident in Florida, but that was in

Orlando (Doc. 1, p. 9). See 28 U.S.C. § 1391(b)(1),(2)(Venue is proper within a judicial district in which any defendant resides, if within the same state; or where a substantial part of the events or omissions giving rise to the claim occurred); Local Rule 1.02( c)("All civil proceedings of any kind shall be instituted in that Division encompassing the county...having the greatest nexus with the cause...."). Consequently, if the plaintiff does intend to file an amended complaint, it is appropriately filed in the Orlando division of this court, or in the Northern District of Georgia. See Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc., 432 F.3d 1343 (11th Cir. 2005)(a district court may dismiss a suit sua sponte for improper venue, having the authority to raise the issue of defective venue on its own motion after giving the parties an opportunity to be heard).

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See

Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but with leave to amend in a more appropriate venue, and that the case be closed.

Respectfully submitted,

*[signature]*

DATED: August 18 2016

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).